# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1082 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Lenihan |
| 9.28 ACRES OF LAND, MORE OR LESS | ) | |
| SITUATE IN COUNTY OF ALLEGHENY, | ) | Re: Doc. No. 11 |
| and CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

I.   Procedural Background and Relevant Facts

On August 16, 2006, the United States filed its Complaint in Condemnation naming Defendant CSX Transportation, Inc., as the titled owner of the above named property specifically described in Exhibit "B" to the Complaint (Doc. No. 1). "The specific estate to be condemned is a temporary easement over and across the land described in 'Exhibit B' for a period not to exceed 18 months" as more specifically described in Exhibit C to the Complaint. (Complaint, Doc. No. 1 at ¶ 6.) Plaintiffs indicate that the authority for the taking is found at 33 U.S.C. § 591, which authorizes the acquisition of land for the improvement of rivers and harbors, and the Waters Resource Development Act of 1992, Public Law 102-580, which authorizes the specific project in question contemplated by the Army Corps of Engineers. (Complaint, Doc. No. 1 at ¶ 3.)

On August 18, 2006, Plaintiff filed an Ex Parte Motion for Possession (Doc. No. 3) which was granted by United States District Judge David S. Cercone on August 31, 2006

(Doc. No. 5). Also on August 31, 2006, Judge Cercone entered an Order directing that Plaintiff be permitted to deposit $100.00 with the Clerk of Court to be deposited into the Registry of the Court representing land condemnation monies. (Doc. No. 6.)

On September 11, 2006, Defendant CSX Transportation, Inc., waived service of process. (Doc. No. 7.) Defendant, CSX Transportation, Inc., has filed neither an answer nor notice of appearance. Judge Cercone referred the above captioned case to the undersigned on September 13, 2006, and the Plaintiff United States filed a consent to Trial/Jurisdiction by United States Magistrate Judge on November 6, 2007.

Also on November 6, 2007, Plaintiff filed this Motion for Summary Judgment (Doc. No. 11), requesting that the Court enter an Order granting Judgment in its favor and entering just compensation in the total sum of $100.00. Defendant, CSX Transportation, Inc., was served with a copy of the Motion for Summary Judgment "by mail or electronic filing" on November 6, 2007. Defendant has not responded thereto.

II.     Legal Standard

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof

at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e) (emphasis added by Matsushita Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty-Lobby, Inc., 477 U.S. 242, 248 (1986).

III.    Analysis

Rule 71A of the Federal Rules of Civil Procedure governs condemnation proceedings.[1] It "contemplates a two-step procedure. In the first step, the government announces what land it needs, and the landowners are given a full opportunity to present, in their answers, objections or defenses they have to the taking. Any defenses so raised are ruled upon by the court." Gov't of Virgin Islands v. 19, 623 Acres of Land, 536 F.2d 566, 569 (3d Cir. 1976). Fed. R. Civ. P. 71A(e) provides in relevant part:

(e) **Appearance or Answer.** If a defendant has no objection or defense to the

---

[1] Effective December 1, 2007 (absent contrary Congressional action), Fed. R. Civ. P. 71A was redesignated Rule 71.1 and was "amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P. 71A, comments to 2007 Amendments.

> taking of the defendant's property, the defendant may serve a notice of
> appearance designating the property in which the defendant shall receive notice of
> all proceedings affecting it. If a defendant has any objection or defense to the
> taking of the property, the defendant shall serve an answer within 20 days after
> the service of notice upon the defendant. The answer shall identify the property .
> . ., and state all the defendant's objections and defenses to the taking of the
> property. A defendant waives all defenses and objections not so presented, but at
> the trial of the issue of just compensation, whether or not the defendant has
> previously appeared or answered, the defendant may present evidence as to the
> amount of the compensation to be paid for the property, and the defendant may
> share in the distribution of the award. No other pleading or motion asserting any
> additional defense or objection shall be allowed.

Fed. R. Civ. P. 71A(e).

Although Defendant has filed no formal notice of appearance, its senior counsel waived service. Defendant has not filed an answer or otherwise raised defenses and/or objections to the taking.

The issue of just compensation is determined in the second step. Gov't of Virgin Islands, 536 F.2d at 569. All legal and factual issues must be decided by the court in step one, with only the issue of just compensation to be determined by a jury trial. Fed. R. Civ. P. 71A(h). Fed. R. Civ. P. 71A(h) provides in relevant part as follows:

> [A]ny party may have a trial by jury of the issue of just compensation by filing a
> demand therefor within the time allowed for answer or within such further time as
> the court may fix unless the court in its discretion orders that, because of the
> character, location, or quantity of the property to be condemned, or for other
> reasons in the interest of justice, the issue of compensation shall be determined by
> a commission of three persons appointed by it.

Fed. R. Civ. P. 71A(h). In addition, the Advisory Committee Note to Subdivision (h) states that the general method of trial on the issue of just compensation "is to be by jury if any party demands it, otherwise that issue, as well as all other issues, are to be tried by the court."

4

Again, Defendant here has not demanded a jury trial on the issue of just compensation, nor has the Defendant communicated in any way its objection to any aspect of the proceedings herein, including the amount set for just compensation.

Finally, Rule 71A indicates that "[t]he Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule." Fed. R. Civ. P. 71A(a). 71A, in its entirety, does not preclude a pre-trial motion for summary judgment pursuant to Rule 56.

Plaintiff United States has met its initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Defendant, CSX Transportation, Inc., has failed to respond with evidence demonstrating that there is a material issue of fact in dispute or that it otherwise objects to the amount of just compensation in issue. In light of the undisputed facts of record and their application to the relevant legal standards, Plaintiff is entitled to judgment as a matter of law.

**AND NOW,** this 7th day of February, 2008,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Summary Judgment is **GRANTED** and that the sum of One Hundred Dollars ($100.00) is to be paid by Plaintiff for the full and just compensation for the taking of the estates and interests in the subject tract of land, which is situate in the Commonwealth of Pennsylvania**,** County of Allegheny, Township of North Versailles, Lot and Bloch 398-9, Tract 102E-2, more specifically described in Exhibit "C"

to Plaintiff's Complaint in Condemnation (Doc. No.1).

**FURTHER,** it appearing that the sum of $100.00 was deposited into the Registry of the Court on August 18, 2006, at the time of filing of Plaintiff's Motion for Possession (Doc. No. 3) as estimated just compensation for the taking of Tract 102E-2, no deficiency exists in the Registry of the Court for the estates taken.

**FURTHER,** based on the pleadings, the Court finds that CSX Transportation, Inc., is the only party entitled to just compensation for the taking of Tract No. 102E-2.

**FURTHER,** it is **ORDERED** that the Clerk of the United States District Court for the Western District of Pennsylvania, without further order of court, shall pay the sum of $100.00, together with any interest which has accumulated upon said sum while in theCourt's Registry, to CSX Transportation, Inc., at 500 Walter Street, J 180, Jacksonville, FL, 32202; said sum to be distributed being the amount of just compensation judicially determined for the estates and interests acquired in Tract No. 102E-2.

**FURTHER,** it being represented to the Court that nothing further remains to be done as to this proceeding, it is **ORDERED** that Civil Action No. 06-cv-1082 shall be marked "CLOSED."

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:
All Counsel of Record via Electronic Filing

CSX Transportation, Inc.
500 Walter Street, J 180

Jacksonville, FL 32202